UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
EVERYDAY CAPITAL LLC,                                        :
                                                             :
                Plaintiff,         :
                                                             :       **MEMORANDUM AND**
      -against-                                         :       **ORDER**
                                                             :
89-02 ELMHURST LLC, MELLY ROSARIO,                           :       1:24-CV-5277 (DG) (PK)
PREFERRED GROUP OF MANHATTAN,                                :
INC.,                                                        :
                                                             :
                Defendants.      :
------------------------------------------------------------ X

**Peggy Kuo, United States Magistrate Judge:**

Everyday Capital LLC ("Plaintiff") commenced this foreclosure action against 89-02 Elmhurst LLC ("89-02 Elmhurst"), Melly Rosario ("Rosario"), and Preferred Group of Manhattan, Inc. ("Preferred") (collectively with Rosario and 89-02 Elmhurst, "Defendants"), to foreclose on a mortgage encumbering the property located at 89-02 31st Avenue, East Elmhurst, NY (the "Property"). (*See* Compl., Dkt. 1.) Before the Court is Preferred's Motion to Vacate Default (the "Motion," Dkt. 16-11).

## BACKGROUND

Plaintiff commenced this action on July 29, 2024 and filed proof of having served all Defendants on July 31, 2024. (Affs. of Service, Dkts. 8–10). None of the Defendants appeared by August 21, 2024, the deadline for their answers. On August 22, 2024, Plaintiff requested that the Clerk of Court enter default against all Defendants (Dkt. 11), which the Clerk did (Dkt. 12).[1]

---

[1] Defendants 89-02 Elmhurst and Rosario filed an answer the same day that default was entered against them. (Dkt. 13.) The Court construed the filing as a motion to set aside default and gave Plaintiff an opportunity to oppose it. (Order, September 26, 2024.) Defendants 89-02 Elmhurst and Rosario's motion to set aside default was then granted as unopposed. (Order, November 27, 2024.)

1

While Plaintiff effectuated service on Defendant Preferred via the Secretary of State on August 1, 2024, Preferred did not receive the Complaint and Summons until August 29, 2024, three days after the Clerk of Court entered default. (Mot. at 2–3; *see* U.S.P.S. Tracking, Dkt. 16-6.) A week later, on September 5, 2024, counsel for Preferred contacted Plaintiff and requested Plaintiff's consent to vacate the default. (Opp. at 6.) Plaintiff responded on September 11, 2024 that it would not consent. (Mot. at 7; Counsel Emails, Dkt. 16-10.)

On October 3, 2024, Preferred moved to set aside the default entered against it. (Mot.) On October 23, 2024, Plaintiff moved for an extension of time to oppose the Motion (Dkt. 17), which the Court granted (Order, October 24, 2024). Plaintiff filed its opposition on November 15, 2024 ("Opposition," Dkt. 21), and Preferred replied ("Reply," Dkt. 22).

## LEGAL STANDARD

"The court may set aside an entry of default for good cause. . . ." Fed. R. Civ. P. 55(c). In evaluating whether such "good cause" exists, a district court should consider three criteria: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense." *Peterson v. Syracuse Police Dep't*, 467 Fed. Appx. 31, 33 (2d Cir. 2012) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). "Delay standing alone does not establish prejudice" sufficient to defeat a motion to vacate default. *Enron Oil Corp.*, 10 F.3d at 98. Rather, "plaintiff[] must demonstrate 'that the delay will result in the loss of evidence, create increased difficulties for discovery, or provide greater opportunity for fraud and collusion.'" *Arista Recs., Inc. v. Musemeci*, No. 03-CV-4465 (DGT)(RML), 2007 WL 3124545 at *4 (E.D.N.Y. Sept. 18, 2007) (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)), *report and recommendation adopted*, 2007 WL 3145861 (E.D.N.Y. Oct. 25, 2007).

Additionally, "because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil*, 10 F.3d at 96.

Plaintiff does not dispute that Preferred received the Complaint after default was entered against it, but argues instead that Preferred's default was willful because it did not file the Motion until a month after counsel for the parties initially communicated. (Opp. at 6.) Based on the undisputed timeline, however, the Court does not find that Preferred's default was willful.

Plaintiff argues that setting aside the default will prejudice it by "introducing costly delays, prolonging uncertainty regarding Plaintiff's rights, and disrupting the orderly progression of this foreclosure action." (Opp. at 7.) It cites "holding costs, insurance obligations, and property maintenance expenses" as examples of costs that a mortgagee may incur as a result of "prolonged proceedings." (*Id.* at 8.)

The delay and speculative costs described by Plaintiff are not sufficiently prejudicial to warrant denial of the Motion. Preferred's answer was due just over three months ago, and nearly all of the delay is attributable to the motion practice that Preferred sought to avoid by reaching out to Plaintiff almost immediately after receiving the Complaint, and includes the three-week extension which Plaintiff requested to oppose the Motion.[2] (Dkt. 17.)

Finally, Plaintiff argues that Preferred cannot assert a meritorious defense to this action and has not done so in the Proposed Answer. (Opp. at 9–10.) Plaintiff is incorrect. Preferred's eleventh affirmative defense alleges that the Property was "fraudulently transferred[,] and the deed claiming

---

[2] Plaintiff also argues that it has relied on the "finality" of a judgment in state court involving the same parties and that allowing Preferred to defend in this matter would disrupt such reliance. (Opp. at 8.) Disruption of reliance on the state court case does not constitute prejudice, especially when that judgment itself is the subject of a pending motion to vacate (*See Everyday Capital, LLC v. Preferred Group of Manhattan, Inc., et al.*, No. 712348/2023, NYSCEF No. 73).

ownership of [the Property] was fraudulently filed." (Proposed Answ. ¶ 33, Dkt. 16-3; *see also* Reply at 5–6.) If the deed to the Property were found to have been fraudulently filed by mortgagors 89-02 Elmhurst and Rosario, then the mortgage against the Property likely would be void, and Plaintiff could not foreclose on it. *See Stout St. Fund I, L.P. v. Halifax Grp., LLC*, 148 A.D.3d 744, 747 (2017) (reasoning that where a property transfer is found to be a "fraudulent conveyance, any subsequent encumbrances . . . including mortgages . . . [are] also void"). I find, therefore, that Defendant Preferred has presented a meritorious defense.

Having found that Preferred's default was not willful, that Plaintiff will not be prejudiced by vacating the default at this point, and that Preferred has alleged a meritorious defense, the Court GRANTS Defendant Preferred's Motion to Set Aside Default. The Clerk is respectfully requested to vacate the entry of default.

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         December 2, 2024

4